# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 12cr1244 WQH |
|---|---|
| Plaintiff, | ORDER |
| vs. | |
| LUIS MIGUEL SALAS RODRIGUEZ (1), CARLOS ALBERTO ANDRADE-DE LA CRUZ (2), ANTONIO ZERMENO GARCIA (3), | |
| Defendant. | |

HAYES, Judge:

The following motions are pending before the Court: (1) Motion to suppress wire and electronic evidence (ECF No. 54) filed by Defendant Luis Miguel Salas Rodriguez; (2) Motion to suppress wire and electronic evidence (ECF No. 58) filed by Defendant Carlos Alberto Andrade-De La Cruz; (3) Motion to join motions (ECF No. 59) filed by Defendant Antonio Zermeno Garcia; (4) Motion to redact indictment (ECF No. 44) filed by Defendant Luis Miguel Salas Rodriguez; (5) Motion to reveal CI and to sever defendants (ECF No. 38) filed by Defendant Carlos Alberto Andrade-De La Cruz; and (6) Motion to join motions (ECF No. 40) filed by Defendant Antonio Zermeno Garcia.

## BACKGROUND FACTS

During the course of an investigation conducted by the Federal Bureau of Investigation's Cross-Border Violence Group, a target contacted an FBI Confidential

1  Source ("CS") and sought to arrange the collection of drug trafficking debts from three
2  debtors living in San Diego. The target contacted the CS to assist an associate
3  identified as TJ SHOTCALLER with the debt enforcement.
4        On February 28, 2012, the CS spoke to TJ SHOTCALLER by telephone. During
5  the consensually recorded call, the CS made arrangements to meet an associate of TJ
6  SHOTCALLER (later identified as Defendant SALAS) in San Diego in order to receive
7  details of the proposed enforcement. Several minutes later, the associate of TJ
8  SHOTCALLER contacted the SC by phone and meeting was arranged.
9        On March 1, 2012, the CS met with Defendant SALAS at a location in San
10 Diego. Defendant SALAS arrived in a 2005 Nissan and drove the CS to three separate
11 locations to show the CS where the three drug debtors could be located. The CS was
12 wearing a recording device on his/her person which recorded Defendant SALAS.
13       On March 6, 2012, FBI agents sought and received authorization to intercept wire
14 communication of TJ SHOTCALLER from United States District Court Judge Dana
15 Sabraw. The Judge found probable cause to believe TJ SHOTCALLER and others have
16 committed, are committing, and will continue to commit kidnaping, conspiracy to
17 kidnap, distribution of controlled substances, importation of controlled substances and
18 illegal use of communication facilities. The Judge found that normal investigative
19 procedures have been tried and failed, reasonably appear unlikely to succeed if tried,
20 or are too dangerous to employ.
21       Over the next few days, the CS continued to delay in order for the agents to learn
22 the identities and locations of the targeted drug debtors.
23       On March 12, 2012, agents intercepted conversations from the wire intercepts
24 that led them to believe that TJ SHOTCALLER and another associate referred to as
25 "Benito" (later identified as Defendant ANDRADE) located a new individual (later
26 identified as Defendant ZERMENO) to conduct the enforcement against the targeted
27 drug debtors.
28       On March 14, 2012, Defendant ANDRADE crossed the border from Mexico and

met with Defendant SALAS. The two drove to a location and met with Defendant ZERMENO. Believing that one of the targeted drug debtors had been located, FBI agents arrested the three defendants.

On May 4, 2012, a federal grand jury in the Southern District of California returned a superseding indictment charging the three defendants with conspiracy to commit kidnaping in violation of 18 U.S.C. § 1201(c); conspiracy to commit extortion by threat of force in violation of 18 U.S.C. § 1951; and conspiracy to distribute methamphetamine in violation of 18 U.S.C. §§ 841(a) and 846. Defendant Salas is further charged with inducing and encouraging an illegal alien to enter the United States in violation of 8 U.S.C. § 1324(a)(1)(A)(iv). Defendant Andrade is further charged with interstate communication of threats/extortion in violation of 18 U.S.C. § 875(b) and with removed alien found in the United States in violation of 8 U.S.C. § 1326(a). Defendant Zermeno is further charged with removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b).

## RULING OF THE COURT

Motions to suppress wire and electronic evidence (ECF Nos. 54, 58 and 59)

Defendants move the Court to suppress wire and electronic evidence on the following grounds: 1) there was not an adequate showing of probable cause and particularity to support the wiretap order; 2) there was not an adequate showing of necessity to support the wiretap order; and 3) there was not an adequate showing of minimization. The Government contends that the facts set forth in the affidavit in support of the wiretap established far more than a probability of criminal activity. The Government contends that the affidavit provided a full and complete statement specific to the investigation to show that normal investigative procedures had been tried and failed or reasonably appeared to be unlikely to succeed and too dangerous.

Initially, Defendant Salas contends that it is extremely difficult to determine whether an adequate showing of probable was made in the affidavit presented in support of the wiretap without an un-redacted copy of the affidavit. The Government contends

that the redacted wiretap applications contain a sufficient showing of probable cause and necessity and the redactions are unnecessary to this determination. The Government submits the un-redacted affidavits under seal for *in camera* review by the Court.

In *United States v. Forrester*, 616 F.3d 929 (9th Cir. 2010), the Court of Appeals for the Ninth Circuit stated:

> We find the reasoning in *United States v. Danovaro* more persuasive. 877 F.2d 583 (7th Cir.1989). In that case, the Seventh Circuit held that a defendant does not have a right to redacted portions of a wiretap application if the government is able (and willing) to defend the warrant without relying on the redacted information. *Id.* at 588. The court determined that such a rule was consistent with 18 U.S.C. § 2518(9) because "[s]tatutes requiring disclosure, but silent on the question of privilege, do not override customary privileges." *Id.* (citing *Upjohn Co. v. United States*, 449 U.S. 383, 397–98, 101 S.Ct. 677, 66 L.Ed.2d 584 (1981)). Furthermore, the privilege to withhold information in order to protect informants is well-established. *See Roviaro v. United States*, 353 U.S. 53, 59, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The *Danovaro* court held that the information excised in that case, which had been examined in camera, was not essential to support the warrant or to show that a wiretap was necessary. 877 F.2d at 588. Because the redacted portions were not necessary, the Seventh Circuit declined to determine whether the government can redact information (with in camera review) when the information is essential to the validity of the warrant. *Id.* We adopt as the rule of this Circuit the Seventh Circuit's narrow rule from *Danovaro*, *but we also decline to determine whether the government can redact information when that information is essential to the validity of the warrant.*

*Id.* at 942-943 (footnote omitted).

**Probable Cause**

In order to find probable cause to issue an order authorizing interception of communication, the Court must determine whether there was a substantial basis for concluding "that an individual is committing, has committed, or is about to commit a particular offense" and "that particular communications concerning that offense will be obtained through such interception." 18 U.S.C. § 2518(3)(a) and (b). "Probable cause means only a 'fair probability,' not certainty, and requires consideration of the totality of the circumstances." *United States v. Garcia-Villalba,* 585 F.3d 1223, 1233 (9th Cir. 2009)(citation omitted). The decision is made by the issuing court on the basis of practical, common-sense considerations and overturned only if lacking a "substantial

basis." *Illinois v. Gates*, 462 U.S. 213, 238 (1983).

In this case, a review of the redacted affidavit clearly supports the determination of the district judge that "there is probable cause to believe that the **Target Telephone** is being, and will continue to be, used in connection with the commission of the criminal activity." The affiant explained the actions of the CS to gain the trust of the leader of the cell under investigation through narcotics transactions. The affiant describes a consensually recorded telephone call between the CS and the individuals under investigation in which the individuals asks the CS to assist him in collecting a drug trafficking debt from three targeted individuals using whatever means necessary. Based upon his training and experience, the affiant concluded that TJ SHOTCALLER had instructed the CS to collect the drug trafficking debt by either collecting the money, a vehicle or through kidnaping and/or violence. The reliability of the CS in this case is supported by recorded conversations.

The affiant details the representation by TJ SHOTCALLER that he was going to give the CS's telephone number to an associate in the United States; and a telephone call several minutes later to the CS from the unidentified associate. The affiant details an arranged meeting between the CS and the unidentified associate which included a trip to three separate locations where the targeted drug debtors could be located. Recorded conversations by the CS during the trip included numerous references to the sale of narcotics, debts owed for the sale of narcotics, and the collection of these debts by kidnaping and other harming the debtors. The information provided by the affiant in the redacted affidavit described the investigation and provided probable cause to believe that the target subjects have committed and will continue to commit kidnaping, conspiracy to kidnap, distribution of controlled substances, importation of controlled substances and illegal use of communication facilities.[1]

**Necessity**

---

[1] *In camera* review of the unredacted affidavit provided to the court under seal confirm that the information redacted was not essential to the validity of the warrant.

Wiretap authorizations are governed by the Omnibus Crime Control and Safe Streets Act, 18 U.S.C. §§ 2510-2522. "To obtain a wiretap, the government must overcome the statutory presumption against this intrusive investigative method by proving necessity." *United States v. Rivera*, 527 F.3d 891, 897 (9th Cir. 2008)(citations omitted). The purpose of this requirement is to "assure that wiretapping is not resorted to in situations where traditional investigative techniques would suffice to expose the crime." *United States v. Kahn*, 415 U.S. 143, 153 n.12 (1974). A judge must "determine that the ordinary investigative technique employing a normal amount of resources have failed to make the case within a reasonable period of time." *United States v. Spagnuolo*, 549 F.2d 705, 711 (9th Cir. 1977). However, "the government need not exhaust every conceivable investigative technique in order to show necessity." *United States v. Bennett*, 219 F.3d 1117, 1122 (9th Cir. 2000)(citation omitted).

Section 2518(1)(c) provides that the affiant in support of an application for a wiretap must provide "a full and complete statement as to whether or not other investigative procedures have been tried and failed or why they reasonably appear to be unlikely to succeed if tried or to be too dangerous." 18 U.S.C. § 2518(1)(c). "*Each* wiretap application, standing alone, must satisfy the necessity requirement." *United States v. Carneiro*, 861 F.2d 1171, 1176 (9th Cir. 1988). The "full and complete statement" requirement of Section 2518(1)(c) is satisfied where the affidavit provides "specific probative facts" which "show with specificity why *in this particular investigation* ordinary means of investigation will fail." *United States v. Commito*, 918 F.2d 95, 97-98 (9th Cir. 1990)(quotation omitted).

In this case, the affiant described the investigation of a drug trafficking cell based in Tijuana, Mexico that was believed to cross methamphetamine, cocaine and marijuana into the United States from Mexico. The affiant described narcotics transactions and debt collection activities, including a kidnaping incident in the Los Angeles area in 2012. The affiant described a contact made by an individual under investigation with the CS asking whether the CS heard any news about a kidnaping in the Los Angeles

1  area. The target asked the CS to assist in the debt collection activities that became the
2  subject of the this case. The affiant specifically identified a number of objectives of the
3  investigation and objectives that had yet to be achieved such as, identifying the identity
4  of the all three alleged victims; identifying other victims and participants in the criminal
5  activity; and identifying locations in the San Diego area that may be used to take
6  victims that have been kidnaped, locations to stage kidnaping or locations used to store
7  money and/or personal property that have been extorted from those individuals that owe
8  drug trafficking debts to the targets of the investigation.

9        The affiant set forth a full explanation of the investigative techniques which could
10 be utilized and explained why those techniques would not be productive including
11 informants and other cooperators, under cover agents, physical surveillance/cell site
12 analysis, pole cameras, and searches and seizures. The affiant provided factual
13 information addressing the effectiveness of the normal investigative techniques to
14 identify the anticipated criminal activity, including the limitations of undercover agents;
15 the prior use of physical surveillance and its limitations in accomplishing the goals of
16 the investigation; and the inability to identify locations to conduct a search and to
17 identify witnesses to interview. The affiant explained that informants and undercover
18 agents would have limited access to information in this case evidenced by the fact that
19 the CS had never met TJ SHOTCALLER and did not know the identity of TJ
20 SHOTCALLER. The affiant explained that the target of the investigation had been
21 careful to compartmentalize information to the CS, and that the target perceived the CS
22 as a low level courier whose necessary information would be limited. The affiant
23 explained that physical surveillance is limited by the fact that the main targets of the
24 investigation had not been identified. The affiant set forth facts sufficient to show the
25 intercept of wire communications was necessary in order to safely accomplish the goals
26 of the investigation including specifically, to identify the victims, participants and
27 locations involved in this criminal activity.
28       The issuing judge reasonably concluded that the affiant made a sufficient

showing that "ordinary investigative procedures, employed in good faith, would likely be ineffective in the particular case." *United States v. McGuire*, 307 F.3d 1192, 1196 (9th Cir. 2002). The affiant in this case did not rely upon conclusory statements and provided specific probative facts. There is no requirement that the investigative procedures have been completely unsuccessful prior to an application for a wiretap. *See United States v. Sandoval*, 550 F.3d 427 (9th Cir. 1976).

**Minimization**

Section 2518(5) requires that the Government conduct wire intercepts so as to "minimize the interception of communications not otherwise subject to interception." 18 U.S.C. § 2518(5). The Government has the burden to show minimization. *United States v. Torres,* 908 F.2d 1417 (9th Cir. 1990). In *Torres*, the Court of Appeals explained:

> Minimization requires that the government adopt reasonable measures to reduce the interception of conversations unrelated to the criminal activity under investigation to a practical minimum while permitting the government to pursue legitimate investigation. The standard for minimization is reasonableness.

*Id.* at 1423 (citations omitted). "The mere interception of calls unrelated to the drug conspiracy does not indicate a failure to meet the minimization requirement." *Id.*

In this case, the affidavits in support of the application for interception of wire communications stated that "[a]ll interceptions will be minimized in according to 18 U.S.C., Chapter 119. Monitoring will terminate if we determine the conversation is unrelated to communications subject to interception under 18 U.S.C., Chapter 119. Special attention will be given to minimize privileged communications. Interception will be suspended if we determine that no names Target Subjects or their confederates (when identified) are parties to the conversation, unless we determine during the part of the conversation already overheard that the conversation is criminal in nature. Spot checks will be done after minimization to insure such calls have not become criminal in nature." Defendants provide no calls which Defendants assert should have been minimized and no suggestion that any minimization procedure was inadequate. The

record demonstrates that the minimization efforts in accordance with 18 U.S.C. § 2518(5).

<u>Motion to redact indictment (ECF No. 44)</u>

Defendant fails to identify the specific portions of the indictment requested for redaction.

<u>Motion to reveal CI and to sever defendants (ECF No. 38)</u>

Parties agreed that the motion to reveal the identity of the confidential informant is moot at this stage in the proceedings. Defendant requested that the Court reserve ruing on the motion to sever defendants.

## CONCLUSION

IT IS HEREBY ORDERED that :

1) Motion to suppress wire and electronic evidence (ECF No. 54) filed by Defendant Luis Miguel Salas Rodriguez is denied;

2) Motion to suppress wire and electronic evidence (ECF No. 58) filed by Defendant Carlos Alberto Andrade-De La Cruz is denied;

3) Motion to join motions (ECF No. 59) filed by Defendant Antonio Zermeno Garcia is granted;

4) Motion to redact indictment (ECF No. 44) filed by Defendant Luis Miguel Salas Rodriguez is denied;

5) Motion to reveal CI and to sever defendants (ECF No. 38) filed by Defendant Carlos Alberto Andrade-De La Cruz will remain pending; and

6) Motion to join motions (ECF No. 40) filed by Defendant Antonio Zermeno Garcia is granted.

DATED: April 9, 2013

**WILLIAM Q. HAYES**
United States District Judge